1    **WO**

2

3                              NOT FOR PUBLICATION

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    In re:                          )    No. CV-10-1245-PHX-GMS
                                      )
10   Elizabeth Woldrich,              )    BK-08-17307-PHX-RJH
                                      )    Adv. No. 09-242-PHX-RJH
11            Debtor.                 )
     _____  )    **ORDER**
12                                    )
     Ticor Title Insurance Co.,       )
13                                    )
              Plaintiff,              )
14                                    )
     vs.                             )
15                                    )
     Elizabeth Woldrich,              )
16                                    )
              Defendant.              )
17   _____  )

18

19         Pending before this Court is Plaintiff's Motion for Withdrawal of Reference of its

20   adversary proceeding from the bankruptcy court. (Doc. 2). For the reasons set forth below,

     Plaintiff's Motion is denied without prejudice.
21

22                                   **BACKGROUND**

23         On December 1, 2008, Defendant Elizabeth Woldrich ("Defendant"), filed for Chapter

     7 bankruptcy. (Doc. 2 at 4). Plaintiff Ticor Title Insurance Co. ("Plaintiff"), timely filed an
24
     adversary proceeding in the bankruptcy court asserting that, pursuant to 11 U.S.C. §
25
     523(a)(2) and (6), a debt allegedly owed by Defendant to Plaintiff should not be discharged
26
     because of fraud. *Id.* Plaintiff alleges that Defendant provided a forged Release and
27
     Reconveyance upon which Plaintiff relied and was subsequently harmed. *Id.* Plaintiff timely
28

filed a request for a jury trial on the issues of liability and damages. It does not, however, seek a jury trial on the issue of dischargeability of the debt. *Id.* at 4, 6. Defendant contends that Plaintiff is not entitled to a trial by jury. (Doc. 6, p. 3). Plaintiff now moves for withdrawal of the adversary proceeding to the District Court pursuant to 28 U.S.C. § 157(d). (Doc. 2).

**LEGAL STANDARD**

28 U.S.C. § 157 states, "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). This District refers all bankruptcy cases to the bankruptcy court. *See* General Order 01-15 (June 29, 2001). However, district courts "may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

When determining whether there is cause to withdraw, "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Further, courts "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion*, 4 F.3d at 1101 (cited approvingly by the Ninth Circuit in *Sec. Farms*, 124 F.3d at 1008). "[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues", and "may enter appropriate orders and judgments." *Id.* (internal quotation and citation omitted).

A bankruptcy judge may only conduct a jury trial if specially designated to do so by the district court and with the express consent of all the parties. *See* 28 U.S.C. § 157(e). Consequently, a demand for a trial by jury may have the effect of mandating withdrawal to the district court for trial. *See Growe ex rel. Great Northern Paper, Inc. v. Bilodard Inc.*, 325

B.R. 490, 492 (D. Me. 2005). "However, it does not follow that withdrawal must be granted as a matter of course at any point during a proceeding in which a jury demand is made." *Id.* "Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out." *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007). "Thus, a court may deny a motion to withdraw on the basis of a jury demand while allowing the movant to renew the motion when the bankruptcy court certifies that the adversary proceeding is ready for trial." *Growe ex rel.*, 325 B.R. at 492.

## DISCUSSION

Plaintiff seeks a determination that Defendant's alleged debt owed to Plaintiff should not be discharged in bankruptcy because of fraud. Section 157 clearly states that "determinations as to the dischargeability of particular debts" are core proceedings. 28 U.S.C. § 157(b)(2)(I). It is also clear that "there is no right to a jury trial in an adversary proceeding to determine whether a debt is dischargeable." *In re Locke*, 205 B.R. 592, 599 (9th Cir. BAP 1996) (citing *In re Hooper*, 112 B.R. 1009, 1012–13 (9th Cir. BAP 1990)). The bankruptcy court is already familiar with the facts and issues of this case, and Plaintiff does not seek a jury trial as to the issue of dischargeability.

Plaintiff believes the determination of whether Plaintiff has a right to a jury trial for its underlying fraud claim is separate from whether this Motion for Withdrawal should be granted. While that may be, since it is not clear whether a trial on the issues of liability and damages is necessary, the Court need not determine at this time whether Plaintiff is entitled to a jury trial. *See In re Hooper*, 112 B.R. at 1013 ("[T]he bankruptcy court found the debt dischargeable and did not reach the damages question."). The Court notes that the parties have submitted Statements of Position to the bankruptcy court concerning whether this Court or the bankruptcy court should decide whether Plaintiff is entitled to a jury trial. The necessity of deciding the question will become apparent when the bankruptcy court rules on the dischargeability issue. The bankruptcy court is then fully capable of determining whether Plaintiff has a jury right on the liability and damages questions. If it does, the reference will

then be withdrawn as to these issues. Plaintiff's Motion for Withdrawal of Reference is premature.

**IT IS THEREFORE ORDERED:**

1.      Plaintiff's Motion for Withdrawal of Reference (Doc. 2) is **DENIED** without prejudice.

2.      The Clerk of the Court is directed to **TERMINATE** this action.

DATED this 6th day of August, 2010.

_____
G. Murray Snow
United States District Judge